PROFESSIONS AND OCCUPATIONS
The Oklahoma Real Estate Commission may not deny a nonresident applicant, who has complied with the provisions of 59 O.S. 858-306 [59-858-306] (1977), a license to function as a real estate broker or sales associate in the state of Oklahoma solely for the reason that such applicant is neither a resident of the State of Oklahoma nor licensed as a real estate broker or sales associate in his resident state. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: "May the Oklahoma Real Estate Commission deny a nonresident applicant a license to function as a real estate broker or sales associate in Oklahoma for the reason that such applicant is neither a resident of the State of Oklahoma, nor licensed as a real estate broker or sales associate in his resident state?" It is initially noted that the powers and duties of the Oklahoma Real Estate Commission are provided in 59 O.S. 858-208 [59-858-208] (1977), which provides as follows: "The Commission shall have the following powers and duties: "1. To prescribe such rules and regulations and to make such orders as it may deem necessary or expedient in the performance of its duties. "2. To hold examinations of persons who shall apply for the issuance of licenses to them, and to promulgate such rules and regulations with reference thereto as it may deem proper. "3. To issue licenses in the form the Commission may prescribe to persons who shall have passed examinations, or who shall otherwise be entitled thereto. "4. To promulgate rules and regulations governing the issuing of licenses to nonresidents, associations, corporations and partnerships. "5. Upon good cause shown, as hereinafter provided, to suspend or revoke licenses previously issued and, upon proper showing, to reinstate them. "6. To prescribe rules and regulations governing proceedings for the suspension or revocation, for cause, of licenses heretofore issued and the reinstatement thereof. "7. To prescribe such penalties, as it may deem proper, to be assessed against licensees for the failure to pay the annual fee hereinafter provided for. "8. To cause the prosecution of any person who shall violate any of the provisions of this Code." Emphasis added The licensing of nonresidents is provided for in Title 59 O.S. 858-306 [59-858-306] (1977), which provides as follows: "Any person who is not a resident of the State of Oklahoma, but who shall otherwise qualify for a license as a real estate broker or real estate sales associate, may obtain a license as a real estate broker or real estate sales associate by complying with all the applicable provisions of this Code, and, in addition thereto, giving his written consent that actions and suits at law may be commenced against such nonresident broker or sales associate in any county of this state wherein any cause of action may arise or be claimed to have arisen out of any transaction occurring in the county because of any transactions commenced or conducted by such nonresident or his agents or employees in such county, and such nonresidents shall further, in writing, appoint the secretary-treasurer of said Commission as service agent to receive service of summons for him in all such actions and service upon the secretary-treasurer of such Commission shall be held to be sufficient to give the court jurisdiction over him in all such actions. Provided, that a nonresident duly licensed in the state of his residence as a real estate broker or sales associate may become associated with the licensed real estate broker in this state." It is clear from a plain reading of the above statute that the only requirements imposed by Oklahoma law for a nonresident to obtain a license as either a real estate broker or real estate sales associate are that the nonresident comply with the applicable provisions of the Code, which provides for eligibility, qualifications, and examination, and that the nonresident give written consent to suit within any county of this state wherein a cause of action arises and appoint the secretary-treasurer of the Oklahoma Real Estate Commission as service agent. The applicable provisions of the Code establishing eligibility for license are contained in 59 O.S. 858-302 [59-858-302] (1977), and 59 O.S. 858-303 [59-858-303] (1977). Title 59 O.S. 858-302 [59-858-302] (1977), provides for the requirements of eligibility for license as a real estate sales associate as follows: "Any person of good moral character, eighteen (18) years of age or older, and who shall submit to the Commission evidence of successful completion of thirty (30) clock hours of basic real estate instruction in a course of study approved by the Commission, may apply to the Commission to take an examination for the purpose of securing a license as a real estate sales associate. Application shall be made upon forms prescribed by the Commission and shall contain such information and be accompanied by any recommendations the Commission may require. Upon approval by the Commission of his application, and the payment of an examination fee as provided for in this Code, the applicant shall appear in person before the Commission for an examination which shall be in the form and inquire into the subjects the Commission shall prescribe. If it shall be determined that the applicant shall have passed the examination, upon the payment of an annual license fee along with the annual Oklahoma Real Estate Education and Recovery Fund fee, the Commission shall issue to the applicant a license which shall authorize him to act as a real estate sales associate." Title 59 O.S. 858-303 [59-858-303] (1977), provides for the requirements of eligibility for license as a real estate broker as follows: "Any person who shall have had one (1) year's experience as a licensed real estate sales associate, or its equivalent, and who shall submit to the Commission evidence of successful completion of thirty (30) hours of advanced real estate instruction in a course of study approved by the Commission, which instruction shall be in addition to any instruction required for securing a license as a real estate sales associate, may apply to the Commission to take an examination for the purpose of securing a license as a real estate broker. Applications shall be made upon form prescribed by the Commission and shall be accompanied by any recommendations the Commission may require. Upon approval by the Commission of his application, and the payment of an examination fee as provided in this Code, the applicant shall appear in person before the Commission for an examination which shall be in the form and shall inquire into the subjects which the Commission shall prescribe. If it shall be determined that the applicant shall have passed the examination, upon payment of an annual license fee along with the annual Oklahoma Real Estate Education and Recovery Fund fee, the Commission shall issue to the applicant a license which shall authorize him to act as a real estate broker." It is noted that at no place in the above quoted statutes is the Oklahoma Real Estate Commission granted discretion in licensing an applicant who has otherwise met all of the statutory qualifications as a real estate sales associate or a real estate broker. The foregoing statutes clearly set forth the mandatory duty of the Oklahoma Real Estate Commission to issue licenses to any applicant who shall meet the qualifications as stated therein. In your letter you stated that the Commission has adopted a rule under the authority of 59 O.S. 858-208 [59-858-208], which states as follows: "A nonresident of the state who is actually engaged in the real estate business and maintains a place of business in his resident state, and who has been duly licensed in his resident state to conduct such business in that state, may at the discretion of the Commission be issued a nonresident brokers license. "A nonresident sales associate employed by a broker holding a nonresident brokers license may, in the discretion of the Commission, be issued a nonresident sales associate license under such nonresident broker." Title 75 O.S. 301 [75-301](2) (1971) defines the term "rule", and states as follows: " 'Rule' means any agency statement of general applicability and future effect that implements, interprets or prescribes substantive law or policy, or prescribes the procedure or practice requirements of the agency. The Term includes the amendment or repeal of a prior rule but does not include (A) the issuance, renewal or denial of licenses; (B) the approval, disapproval or prescription of rates; (C) statements concerning only the internal management of an agency and not effecting private rights or procedures available to the public; (D) interagency memoranda; or (E) declaratory rulings issued pursuant to Section 8;" Emphasis added It is clear that an agency rule may only prescribe substantive law or policy or prescribe the procedure or practice requirements of the agency. A rule may not be interpreted in such a manner so as to circumvent or modify the clear mandate of the legislature as provided by statute. Therefore, pursuant to the considerations hereinabove stated, it is the opinion of the Attorney General that your question be answered as follows: The Oklahoma Real Estate Commission may not deny a nonresident applicant, who has complied with the provisions of 59 O.S. 858-306 [59-858-306] (1977), a license to function as a real estate broker or sales associate in the State of Oklahoma solely for the reason that such applicant is neither a resident of the State of Oklahoma nor licensed as a real estate broker or sales associate in his resident state. (LARRY D. BARNETT) (ksg)